ELIZABETH GRUBB, Respondent,

*vs.*

HENRY W. REMINGTON, Appellant.

APPEAL FROM THE DANE CIRCUIT COURT.

Practice upon motions and orders to strike out frivolous answer, and the proper judgment or order therein.

This is another case involving the practice in cases of alleged frivolous answers.

The answer was on motion decided to be frivolous, and that the plaintiff was entitled to judgment. Thereupon the plaintiff's counsel proceeded to final judgment under section 159 of the code.

As these questions have been considered in former cases, it is only here necessary to give the opinion of the court, which sets out the facts in the case sufficiently in detail.

*Nat. Rollins*, for the Appellant.

*Crawford, Wakely & Tenney*, for Respondents.

*By the Court*, SMITH, J. In this case, the proper practice in reference to frivolous pleading has been observed, and the proper form of judgment observed.

The complaint was filed for the foreclosure of a mortgage, an answer was put in by the defendant, Remington, which was deemed frivolous by plaintiffs counsel, and they proceeded to judgment thereon in conformity with section 159 of the code of procedure. On the hearing of the application of the

Grubb vs. Remington.

plaintiff, the circuit judge regarding the answer of the defendant, Remington, as frivolous, decided that the plaintiff was entitled to judgment, notwithstanding the answer, so decided to be frivolous, and the counsel for the plaintiff proceeded to judgment in conformity with section 159 of the code.

This undoubtedly was correct practice in case the answer was really frivolous. No party has a right to demand the serious consideration of a court upon a matter of frivolity, and if he attempts to do so, he must abide the consequences. He may claim indulgence for mistakes when he has observed good faith in his practice, and courts of late are liberal in extending all proper indulgence in such cases in furtherance of justice. But when a party trifles with the forms of administration by the expenditure of his day in court in mere frivolity, he has forfeited all claim to those favors which the law concedes to unintentional errors. Hence it is but a just consequence of his folly that judgment shall pass, as for want of plea or answer when he has wasted the day given for a defence, by the interposition of matters wholly ineffectual in the case, and which deserve no consideration. No amendment or pleading over is allowed by the code, nor should be, under any system of practice, because it is an evidence of bad faith to attempt to hamper or delay the course of justice by mere frivolous pretences interposed under the forms of, and within the time allowed, for pleading.

If therefore the answer in this case was frivolous, the judgment of the court was undoubtedly correct. Hence the only question presented is, was the judgment of the court below correct in pronouncing the answer filed in this case frivolous?

Some question was raised as to the effect of the amendments made to the answer and the time thereof, but we do not think it at all affects the main question involved, as the amendments did not change the substantial character of the answer.

We shall very briefly consider the substance of the answer,

not with a view to ascertain and determine its sufficiency as a defence to the cause of action set out in the complaint, but as to its apparent good faith as a colorable defence.

The complaint sets out a mortgage given by Remington to William S. Grubb, dated April 15, 1854, to secure the payment of $2,000 in one year from date, with interest at twelve per cent., payable semi-annually, at the State Bank at Madison, and alleges that the defendant had failed to comply with the condition of the bond and mortgage, "by omitting to pay the principal sum of two thousand dollars, which became due and payable on the 15th day of April, 1855, and interest thereon from the 15th day of April, 1857." From the complaint, it appears that the interest on the principal sum had been paid up to the time when the principal became due, and two years thereafter.

The answer of Remington alleges that on or about the 15th day of October, 1855, (six months after the principal sum became due) there was a corrupt agreement between the said Grubb, to whom the bond and mortgage then belonged, and the defendant, made against the form of the statute to the effect, that the said Grubb "should lend, advance, and extend the time of payment unto this defendant, of the sum of two thousand dollars of lawful money of the United States; and that the said Grubb should forbear and give day of payment thereof to this defendant for the further time of one year from the said fifteenth day of October, A. D. 1855; and that this defendant, for the loan and extension of the time and payment of said sum, and for giving day of payment, &c., should give and pay unto the said Grubb, in one year from said 15th day of October, 1855, more than lawful interest, at and after the rate of twelve per cent. per annum—that is to say, that this defendant should pay to said Grubb, for the use and forbearance, &c., at and after the rate of two per cent. per month, so long as this defendant should retain and use the money afore-

said. "That the said Grubb should retain in his possession, as evidence of, and security for said indebtedness, the said bond and mortgage, and that the latter agreement of October, 1855, should take the place of the one expressed in said bond; that the latter agreement was corrupt and usurious, and being for the loan or forbearance of money, the loaner forfeited the sum so loaned.

We do not think this answer frivolous by any means. If it does not show a state of facts sufficient to corrupt the original loan, it approaches very nearly to it. If the original loan was not extinguished by the new agreement to loan again, in which case the latter loaning would undoubtedly be usurious, it is so near an approach to it, in legal effect, that it requires very nice discrimination to avoid it. If such transactions and agreements between mortgagors and mortgagees be mere frivolities, they may become expensive ones, and such amusements had better be avoided.

By the act of 1851, it was provided that whenever a greater sum than twelve per cent. is taken or agreed to be taken for the loan or forbearance of money, the note, bond or other evidence of indebtedness for such loan, shall be void.

It is said that the subsequent reservation of illegal interest did not taint the original contract. This may be, or may not be true. If the original contract is perpetuated and held in existence as a mere device to cover the character of the subsequent one, or held by agreement to fall back upon, in case the subsequent corrupt agreement is discovered, then the whole is tainted; the original as well as the subsequent contract.

If it were not so, it would be an easy matter to escape or evade the usury law. A contract of law for a short period at twelve per cent. might be made, and then a new agreement for twenty-five, for a term of years, evidenced by the original contract, and so the loaner might for years receive his usuri-

ous interest, and at last sue on the original contract and escape the forfeiture. It is vain to say that the usurious agreement was void. So under the statute of 1851 all such contracts were void, in so much that they could not be enforced in law. But they were not void so as to enable the party entering into them to escape the penalty.

In Massachusetts it was held in *Thompson vs. Woodbridge*, 8 Mass. Rep., 265, and in *Johnson vs. Johnson*, 11 Mass. Rep., 359, that the taking of a new note in lieu of an old note, the former being usurious, would not avoid the debt for which the first note was given, provided the original contract was untainted. This decision was put upon the ground that under the circumstances the court would not infer that it was the intention of the parties that the new note should be received in satisfaction of the original debt; leaving the inference that if the parties had intended to extinguish the original debt by the new transaction, and the latter had been usurious, the debt would have been avoided for usury. In New York there have been many decisions bearing more or less directly upon the question here presented, and it would seem to be settled in that State that a subsequent usurious contract for the loan or forbearance of money would not render void a former security originally untainted. *Munn vs. the Commission Company*, 15 J. R., 44; *Bennett vs. Smith et al.*, 15 J. R., id., 355; *Swartwourt vs. Payne*, 19 id., 294.

In other States a different doctrine has been held and it is certain that when the two contracts are entered into as a contrivance by which usurious interest may be obtained for the whole or a part of the time of the loan or forbearance, the taint of usury attaches to both contracts, as well the original as that by which the loan is extended.

But it is not our design here to discuss or determine the sufficiency of the answer; the very fact that the same question which it presents has engaged the earnest consideration

of learned courts and judges, and upon which some of whom have arrived at different conclusions, shows most clearly that the answer is not frivolous. We have already said that we do not undertake to determine its sufficiency. It may fail as a defence upon hearing, but it is not frivolous, and therefore the defendant ought not to have been subjected to the summary proceeding prescribed by section 159 of the code. There is no evidence of bad faith, and the answer was entitled to be heard.

Judgment reversed.