HORATIO P. BLAIR *vs.* GEORGE L. LAFLIN & another.

Hampden.    Sept. 23, 24. — Oct. 27, 1879.    ENDICOTT & LORD, JJ., absent.

It is within the power of the Superior Court to provide by rule that a notice, within the time limited by the Gen. Sts. c. 115, § 7, of the filing of a bill of exceptions, may be proved by affidavit that it was delivered personally to the adverse party or his attorney, or deposited in the post-office, directed to him; and under such a rule a notice deposited, within the time limited, in the post-office of the town in which the attorney of the excepting party resides, and within the county in which the court allowing the exceptions is held, and addressed to the attorney of the adverse party at the place of his residence in the same county, is sufficient.

In an action for breach of a contract, by which the plaintiff was employed by the defendant as general superintendent of the latter's works, and to sell the goods manufactured by the defendant, evidence that the plaintiff, in order to procure the execution of the contract, falsely represented to the defendant that he was a "first-rate salesman," is immaterial, in the absence of evidence that such statement was accompanied by the affirmation of any specific fact, or that the words used had acquired a precise and definite meaning among men of business.

In an action for breach of a contract, by which the plaintiff was employed by the defendant for one year as general superintendent of the latter's works, including the appointment of agents to sell the goods manufactured by the defendant, and was also to make such sales, and was to receive a fixed salary and a certain commission "on the gross amount of all sales made for" the defendant, to be paid semiannually, the plaintiff is entitled to commission on the sales made for the defendant by other agents, as well as on those made by the plaintiff himself; and if the plaintiff is wrongfully discharged from the defendant's employment before the expiration of the year, commissions on all the sales during the year may be considered by the jury in estimating the damages sustained by the plaintiff, although the action is brought before the expiration of the year.

CONTRACT upon a written agreement dated March 15, 1877, by the terms of which the plaintiff, subject to the oversight and control of the defendants, was to devote his time and attention, for one year from that date, to the performance of the duties of general superintendent of their works, including the appointment of agents to sell the goods manufactured, and was also to make such sales, and was to receive a stated salary and a certain commission "on the gross amount of all sales made for said" defendants, to be paid semiannually. Writ dated February 5, 1878.

At the trial in the Superior Court, before *Putnam,* J., the plaintiff introduced evidence tending to show that after about ten months' service he was discharged by the defendants without reasonable cause; that, at that time, nothing had been paid him as commissions; and that a portion of his salary up to that time was unpaid. There was no evidence that, before suit brought, he had ever demanded such unpaid salary or commissions; but at the time of his dismissal he offered to continue work under the contract for the defendants, but was informed by them that they had no further occasion for his services.

The defendants, for the purpose of proving misrepresentation and fraud on the part of the plaintiff in procuring the contract, asked him, on cross-examination, if he did not represent to them that he was a first-rate salesman; and offered to prove that he was not a first-rate salesman and knew that he was not, and that such representation was an inducing cause for the defendants' entering into the contract. But the question and offer of proof were excluded as immaterial.

The defendants also offered evidence tending to show that the whole amount of sales by the plaintiff for them was only $4700, and contended that he was only entitled to recover, in any event, for his commission on this sum; but the judge ruled that, if he was improperly discharged, he was entitled to a commission upon all the sales made by the defendants. There was evidence that the whole amount of sales made by the defendants to the time of the plaintiff's discharge was $27,000, a large portion of which was made by the plaintiff, and a smaller portion by other agents of the defendants. There was no evidence as to how many, or whether any, of said sales were made in the first six months, nor as to the amount made after the first six months.

The defendants asked the judge to rule as follows: "1. No action can be maintained for breach of contract in not paying commissions, for the sales made after the first six months, because at the time of suit brought said commissions were not due and payable by the terms of the contract. 2. No action can be maintained for breach of contract in not paying commissions upon the evidence in the case, as there is no evidence that any sales were made during the first six months. 3. Upon all the evidence in the case, the plaintiff cannot recover."

The judge declinéd so to rule; but, in addition to instructions not objected to, ruled that the action could be maintained, although brought before the expiration of the year, provided the jury found that the plaintiff was wrongfully discharged, and the defendants declined to accept further service under the contract, and the plaintiff was at all times ready and willing to go on and complete it.

The jury returned a verdict for the plaintiff for the full amount claimed. The defendants alleged exceptions, which were allowed against the objection of the plaintiff, the judge's certificate containing the following statement: " The time limited for the filing of the exceptions was June 24, on which day they were filed. On the evening of that day, at about 5 P. M., the defendants' counsel, who resided in Westfield, mailed to the plaintiff's counsel, who resided in Springfield, a notice that he had so filed them. The mail left Westfield at 7 P. M. and reached Springfield at 7.20 P. M., and said letter was carried in that mail, and said mail was assorted that evening. The post-office was closed at 8 P. M. The plaintiff's counsel did not receive the letter from the office until the next morning, although he had a lock-box and could have received it had he gone to the post-office that night."

*M. B. Whitney & H. B. Stevens*, for the defendants.

*G. Wells*, for the plaintiff.

GRAY, C. J. The Gen. Sts. c. 115, § 7, requiring that exceptions shall be " reduced to writing, and filed with the clerk, and notice thereof given to the adverse party," as well as presented to the court, before the final adjournment of the term, and within three days after the verdict or ruling, or within a further time allowed by the court, do not prescribe the manner of giving such notice to the adverse party, whether by personal service,

or by leaving at the place of abode or business of himself or his attorney, or otherwise. It is therefore a matter which it is within the power of the courts to regulate by general rules. Gen. Sts. c. 115, § 4. *Joannes* v. *Underwood,* 6 Allen, 241.

The 36th rule of the Superior Court requires, in the same words as the statute, that exceptions shall be " reduced to writing, and filed with the clerk, and notice thereof given to the adverse party," within the time prescribed ; and the 22d rule provides that " all notices required by, or given in pursuance of, these rules, shall be in writing, and may be proved by an affidavit of the party, or his attorney, to a copy thereof, and setting forth that the same was delivered personally to the adverse party, or his attorney, or deposited in the post-office, directed to him, postage prepaid." This is a reasonable rule, and makes the depositing of a notice in the post-office, within the time limited, equally effectual with personal service thereof within the same time on the adverse party, in the case of exceptions, as it would be for the purpose of charging an indorser of a promissory note or bill of exchange. *Grand Bank* v. *Blanchard,* 23 Pick. 305. *Housatonic Bank* v. *Laflin,* 5 Cush. 546. St. 1871, *c.* 239.

The depositing of the notice, within the time limited, in the post-office of the town in which the attorney of the excepting party resided and within the county in which the court was held, addressed to the attorney of the adverse party at the place of his residence in the same county, was therefore a sufficient notice, and the exceptions were rightly allowed. In *Conway* v. *Callahan,* 121 Mass. 165, cited for the plaintiff, the notice was not deposited in the post-office until after the expiration of the time prescribed.

But we are of opinion that none of the exceptions urged in argument can be sustained.

The evidence offered to show that the plaintiff had falsely represented that he was a " first-rate salesman," was rightly rejected as immaterial. Such a general statement, by way of self-commendation, unaccompanied by affirmation of any specific fact, and without evidence that the words used had acquired a precise and definite meaning among men of business, was not a representation of fact on which the defendants had a right to rely.

By the contract between the parties, the plaintiff, subject to the oversight and control of the defendants, was to devote his time and attention for one year to the performance of the duties of general superintendent of their works, including the appointment of agents to sell the goods manufactured, although he might himself make such sales; and was to receive not only a fixed salary, but also a certain commission "on the gross amount of all sales made for said" defendants, which was evidently intended to embrace sales made for them by other agents, as well as those made by the plaintiff himself.

Commissions on all the sales during the year, though not payable until after the action was brought, were rightly permitted to be taken into consideration by the jury in estimating the damages sustained by the plaintiff by being wrongfully discharged from the defendants' employment. *Revere* v. *Boston Copper Co.* 15 Pick. 351. *Dennis* v. *Maxfield*, 10 Allen, 138.

*Exceptions overruled.*