DANIEL W. PAIGE *vs.* OLIVER S. BARRETT & others.

C. EDWARD NEWCOMB *vs.* SAME.

Worcester.    September 30, 1889. — February 26, 1890.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Contract for Personal Services — Breach — Cause of Action — Agency.*

A right of action for damages, resulting from the breach of a contract to employ a person until a specified day, accrues at once upon his wrongful discharge before that day.

A declaration in an action begun before April 1 alleged a contract to employ the plaintiff until that time at a certain rate, and a breach thereof by a prior wrongful discharge, and concluded, "Wherefore the defendants owe him . . . the amount of his wages" from the date of the discharge to April 1. *Held*, that the declaration showed that the claim was for what the plaintiff was entitled to recover in respect of the time after his discharge, and that a ruling that the action was prematurely brought was properly refused.

At the trial, the plaintiff testified to a contract in language which admitted, if it did not require, the construction that he was employed until April 1 by J., whose authority to employ him was denied by the defendants. There was evidence that J. had general superintendence of the business; that P., whom the defendants declared to have been their general manager, having general authority to hire workmen, was under J., and subject to his orders as to hiring workmen while J. was there; that J. hired workmen personally, and was habitually dealt with by the defendants as having full authority; that the plaintiff was employed upon the defendants' general work; that he was not confined to what the defendants said J. was hired for, and that he remained after J. went away. *Held*, that the plaintiff was entitled to go to the jury.

TWO ACTIONS OF CONTRACT, to recover wages alleged to be due from the defendants to the plaintiffs. The cases were tried together in the Superior Court, before *Staples*, J., who refused to rule that the actions were prematurely brought, and that on the evidence the plaintiffs could not maintain the actions, and submitted the cases to the jury, who returned a verdict for the plaintiffs; and the defendants alleged exceptions. The facts appear in the opinion.

*W. A. Gile*, for the defendants.

*G. H. Mellen*, for the plaintiffs.

HOLMES, J.    The declaration in each of these cases alleges a contract to employ the plaintiff until April 1, 1887, at a certain rate, and a breach by a wrongful discharge before that date.

Each concludes, " Wherefore the defendants owe him . . . the amount of his wages " from the date of the discharge to April 1, 1887. This conclusion is inartificial, but the declarations show that the claim is for what the plaintiffs are entitled to recover in respect of the time after their discharge. There was no demurrer, but only a request for a ruling that upon the evidence the actions were prematurely brought, the actions having been begun before April 1. This was properly refused. The plaintiffs' only cause of action was for damages for a breach of contract. *Howard* v. *Daly*, 61 N. Y. 362, 369. *Goodman* v. *Pocock*, 15 Q. B. 576, 582, 583. *Elderton* v. *Emmens*, 6 C. B. 160, 187; 13 C. B. 495, 509; and 4 H. L. Cas. 624, 646. That accrued as soon as the plaintiffs were discharged, the jury, in estimating the damages, having a right to take into account on one side the wages which the plaintiffs would have earned. *Blair* v. *Laflin*, 127 Mass. 518, 522. *Everson* v. *Powers*, 89 N. Y. 527. See *Daniels* v. *Newton*, 114 Mass. 530, 538.

There was sufficient evidence to entitle the plaintiffs to go to the jury. Each of them testified to a contract, in language which admitted, if it did not require, the construction that they were employed until April 1. The authority of the man who employed them, one Jordan, was denied by the defendants. But there was evidence that Jordan had general superintendence of the business; that one Pentecost, whom the defendants declared to have been their general manager, having general authority to hire workmen, was under Jordan, and subject to his orders as to hiring workmen while Jordan was there; that Jordan hired workmen personally; and that he was habitually dealt with by the defendants as having full authority. It appears that the plaintiffs were employed upon the defendants' general work; that they were not confined to what the defendants said Jordan was hired for; and that they remained after Jordan went away.

*Exceptions overruled.*