# William Wilke *v.* Harrison Bros. & Co., Appellant.

*Master and servant—Dismissal of servant—Damages.*

In an action by a servant against a master for wrongful discharge, the limit of recovery is not confined merely to the amount due at the time the writ was issued, but full damages may be recovered by the plaintiff for breach of the contract, and the question of the amount of the damages, under all the circumstances of the case, is for the jury.

Where a master dismisses a servant, alleging as ground for dismissal the use of abusive, profane and disrespectful language to himself, and the servant denies that he used such language, the question of the right of the master to dismiss the servant is for the jury.

Argued Jan. 8, 1895. Appeal, No. 472, Jan. T., 1894, by defendants, from judgment of C. P. No. 3, June T., 1893, No. 415, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for alleged wrongful dismissal of servant from employment. Before GORDON, J.

At the trial it appeared that plaintiff was a mechanical engineer, and was originally employed by defendants under a contract which had expired in December, 1891. Defendant's firm consisted of three partners, one of whom, George L. Harrison, was in Europe. Plaintiff had written to the absent partner in reference to his further connection with the firm, but had received no definite reply. On March 15, 1892, plaintiff notified the two resident partners that he had an offer of a salary of $5,000 a year from other parties. Plaintiff testified in effect that the two resident partners requested him not to leave them, and offered him, if he would remain, a new contract for ten years at a salary of $5,000 a year, or in the alternative at

$4,000 a year with an increase of $250 per annum until $6,000 a year was reached. Plaintiff insisted that the new contract should only be terminable upon a year's prior notice being given. He averred that the two partners agreed to this, and a verbal contract was entered into by which plaintiff was to receive $4,000 the first year, with an increase of $250 until $6,000 was reached, the contract not to be terminated by either party without twelve months' prior notice thereof being given. Defendants admitted that an agreement had been made that plaintiff should receive a salary at the rate of $4,000 per year until George L. Harrison should return, but denied that any further contract was made, and denied that any terms were made as to dismissal, or that one year's notice, or one year's wages was agreed upon.

Defendants offered evidence which tended to show that plaintiff used violent, profane and abusive language towards George L. Harrison when he was criticised for permitting an engine to be out of order in one of the buildings. Plaintiff denied that he used the language attributed to him.

Plaintiff was discharged May 11, 1893. The writ issued July 1, 1893. The trial occurred on Jan. 24, 1894. Plaintiff claimed that the twelve months notice to which he was entitled expired on May 11, 1894.

Defendants' points were among others as follows:

" 4. The plaintiff having brought this suit before the expiration of the term for which he alleges he was employed, can in no event recover more than the amount which would have been due him up to the time of suit, less what had been earned by the plaintiff since his discharge from the employment of the defendants." Refused. [1]

" 5. Under the facts of the present case, I instruct you that the defendants were justified in dismissing the plaintiff from their employ; and your verdict must be for the defendants." Refused. [2]

Verdict and judgment for plaintiff for $3,112.

*Errors assigned* were (1–2) above instructions, quoting them.

*Charles B. McMichael,* for appellants, cited: Algeo v. Algeo, 10 S. & R. 235; King v. Steiren, 44 Pa. 99; Costigan v. R.

R., 2 Denio, 609; Wolf v. Studebaker, 65 Pa. 461; Mathews v. Park Bros., 146 Pa. 384; Libhart v. Wood, 1 W. & S. 267.

*A. T. Freedley*, for appellee, cited: Enery v. Steckel, 126 Pa. 171; Wood, M. & S. 254, 257, 258; King v. Steiren, 44 Pa. 99; Smith v. Thompson, 7 Common Bench, 398; Everson v. Powers, 89 N. Y. 527; Smiley v. Brownfield, 21 W. N. 528; Frost v. Knight, L. R. 7 Ex. 111; Hochster v. De La Tour, 2 E. & B. 690; Pontifex v. Williamson, 1 C. B. 75; Blanche v. Colburn, 8 Bing. 14; Moulton v. Trask, 9 Metc. 577; Societe Generale v. Milders, 49 L. T. (N. S.) 55; Peck v. U. S., 102 U. S. 64; Mountjoy v. Metzgar, 9 Phila. 10; Groves v. Donaldson, 15 Pa. 135; Stewart v. Walker, 14 Pa. 293; Hall v. Rupley, 10 Pa. 231; Ins. Co. v. Ensminger, 12 W. N. 9; Cutter v. Powell, 2 Sm. L. C. 51; 1 Whart. Cont. § 905; 2 Chitty, Cont., 11th Am. ed. 1087.

PER CURIAM, Jan. 21, 1895:

In view of the testimony before the jury there was no error in refusing to affirm either of defendants' points recited in the first and second specifications respectively. The case appears to have been carefully tried and submitted to the jury with instructions which, with the exception of said points, were satisfactory to both parties. We find nothing in the record that would justify us in sustaining either of the specifications.

Judgment affirmed.