## JOSEPH H. CUTTER *vs.* OSCAR S. GILLETTE.

Suffolk.    January 8, 1895. — February 27, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Breach of Contract — Evidence — Damages.*

In an action for breach of a contract of hiring, the defendant has no ground of exception to the exclusion of evidence, upon the cross-examination of the plaintiff, offered to show that his personal reputation as to credit among dealers was so poor that he could not get credit to carry on the business in which he attempted to work after his wrongful discharge from the defendant's service.

In an action for breach of a contract of hiring, brought before the expiration of the contract period, the plaintiff is entitled to recover damages for the unexpired portion of such period subsequent to the time of trial.

CONTRACT, for breach of a written agreement entered into on April 25, 1892, by the terms of which the defendant, who had bought the plaintiff's business, agreed to employ him as foreman for the period of five years at a salary of twenty-four dollars a week.   At the trial in the Superior Court, before *Blodgett*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*W. M. Noble*, for the defendant.

*F. S. Hesseltine*, for the plaintiff.

BARKER, J.   The evidence offered and excluded upon the cross-examination of the plaintiff was in effect that his personal reputation as to credit among dealers was so poor that he could not get credit to carry on the business in which he attempted to work after his wrongful discharge from the defendant's service. Assuming that the defendant was entitled to show that the plaintiff might have earned more money than he did between the time of his discharge and the time of trial; evidence of the plaintiff's poor reputation for credit among dealers did not tend to show that he could have succeeded in the business; and it was rightly excluded, as it might have had a tendency to prejudice the jury against the plaintiff.   Its only other tendency would seem to be to enhance the plaintiff's damages, and we do not see how the defendant was harmed by its exclusion.

The exception to the refusal to instruct the jury to the effect that, if the plaintiff after his discharge began to do business on his own account, he could not recover damages relating to the period of time after he so entered into business, was waived at the argument.

The remaining question is whether the jury should have been allowed to assess damages for the period of time subsequent to the trial. The plaintiff was hired for five years from April 25, 1892, and was discharged about the middle of July, 1892. He brought suit on November 10, 1892, and the verdict was rendered on March 15, 1894. The verdict assessed at the sum of $3,180.95 the plaintiff's whole damages for breach of the contract of hiring, and stated that of this amount $1,392.95 was the damage to the time of trial. The defendant concedes that the plaintiff is entitled to recover damages for an entire breach so far as such damages can be ascertained, but contends that, as the trial occurred before the expiration of the contract period, it was impossible for the jury to ascertain or assess the damage for the unexpired portion of the contract period subsequent to the time of trial. In support of this contention the defendant cites the cases of *Colburn* v. *Woodworth*, 31 Barb. 381, *Fowler* v. *Armour*, 24 Ala. 194, *Lichtenstein* v. *Brooks*, 75 Tex. 196, and *Gordon* v. *Brewster*, 7 Wis. 355, in which cases it seems to have been held that, if the suit is begun before the expiration of the contract period, damages can only be allowed to the time of the trial. He asserts that in the case of *Howard* v. *Daly*, 61 N. Y. 362, in which full damages were given, the writ was brought after the expiration of the contract period. On the other hand, it has been held in Vermont that, if there has been such a breach as to authorize the plaintiff to treat it as entirely putting an end to the contract, he may recover damages for an entire non-fulfilment, and is not limited to what he has actually sustained at the time of his bringing suit or the time of trial. *Remelee* v. *Hall*, 31 Vt. 582. And in Maine, in an action for breach of a contract of hiring brought before the expiration of the contract period, it was held that the just recompense for the actual injury sustained by the illegal discharge was the stipulated wages less whatever sum the plaintiff actually earned, or might have earned, by the use of reasonable diligence. *Sutherland* v. *Wyer*, 67 Maine, 64.

Such would seem to be the rule in Pennsylvania. See *King* v. *Steiren*, 44 Penn. St. 99; *Chamberlin* v. *Morgan*, 68 Penn. St. 168. And the defendant concedes that such is the rule in England. We do not go into an exhaustive consideration of the decisions upon the question, as we consider it to have been settled in favor of the ruling given at the trial by our decisions. *Dennis* v. *Maxfield*, 10 Allen, 138. *Blair* v. *Laflin*, 127 Mass. 518, 522. *Jewett* v. *Brooks*, 134 Mass. 505. *Paige* v. *Barrett*, 151 Mass. 67. See also *Warner* v. *Bacon*, 8 Gray, 397, 408; *Amos* v. *Oakley*, 131 Mass. 413; *Parker* v. *Russell*, 133 Mass. 74; *Drummond* v. *Crane*, 159 Mass. 577, 581. The plaintiff's cause of action accrued when he was wrongfully discharged. His suit is not for wages, but for damages for the breach of his contract by the defendant. For this breach he can have but one action. In estimating his damages the jury have the right to consider the wages which he would have earned under the contract, the probability whether his life and that of the defendant would continue to the end of the contract period, whether the plaintiff's working ability would continue, and any other uncertainties growing out of the terms of the contract, as well as the likelihood that the plaintiff would be able to earn money in other work during the time. But it is not the law that damages which may be larger or smaller because of such uncertainties are not recoverable. The same kind of difficulty is encountered in the assessment of damages for personal injuries. All the elements which bear upon the matters involved in the prognostication are to be considered by the jury, and from the evidence in each case they are to form an opinion upon which all can agree, and to which, unless it is set aside by the court, the parties must submit. The liability to have the damages which he inflicts by breaking his contract so assessed is one which the defendant must be taken to have understood when he wrongfully discharged the plaintiff, and if he did not wish to be subjected to it he should have kept his agreement.

*Exceptions overruled.*