HENRY W. SHUGG, JR., *vs.* AMERICAN SHOE AND LEATHER
ASSOCIATION.

Suffolk.     April 2, 1906. — May 18, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Contract,* Performance and breach.

If one who is employed as the sole manager of a business corporation within a
certain territory for a period of three years is informed orally by an agent of
the corporation who has authority to discharge him that he is discharged, and
later in the day he receives a letter from the defendant informing him that his
services as manager terminate on the next day, he has the right to treat the
discharge as occurring at the time of the conversation, and an action brought
by him against the corporation for the breach of contract which is begun after
the conversation and before his receipt of the letter can be found not to have
been brought prematurely, especially if there is evidence warranting a find-
ing that the letter was but a subterfuge to render the action brought of no
effect.

LATHROP, J.   This is an action of contract to recover dam-
ages for breach of a contract in writing, made on July 31, 1899,
by the terms of which the plaintiff was to become the sole man-
ager for the defendant in the New England States, with an office
in Boston, for a period of three years from September 1, 1899,
at a salary of $1,800 a year, together with twenty per cent of
the net income of the business of the office and territory as a
whole, over and above all expenses of the business.

In the Superior Court the case was sent to an auditor who
found for the plaintiff.   After the filing of his report the case
was tried before a judge of the Superior Court, without a jury.
He also found for the plaintiff.   The only exception of the de-
fendant is to the refusal of the judge to rule that the plaintiff
could not recover because the action was brought on the morn-
ing of August 30, 1901, and the contract was not broken and
the defendant was not discharged until the afternoon of that
day, after the writ had issued and the keeper had been placed
in possession.

We are of opinion that the judge was not bound to find the
facts as stated in this request.   There was evidence that the writ
was not made until between twelve and one o'clock in the after-

noon of August 30, and the keeper was placed in possession of the defendant's office shortly before two o'clock of that day. It appeared that at about nine o'clock on the morning of that day one Van Court, an officer of the defendant, had called upon the plaintiff at the defendant's Boston office and had had a conversation with the plaintiff. The plaintiff testified as follows: " I was sitting at my desk in the private office on Friday morning the 30th of August, 1901, and Mr. H. G. Van Court entered, and sat down to my right hand close to the desk and made a few remarks as near as I can recall about this: ' Mr. Shugg, I have come to do a very unpleasant thing. I have come to lay matters before you as I am ordered to by my brother. It isn't as I would have it altogether, but I must carry out my duty.' He continued by saying that they had made up their minds to come together with the National, and that of course the old association would cease to exist to-morrow, and asked me what I would like to do regarding the unexpired term of my contract. After a little backing and filling of various remarks he said Mr. Lavers thought $300 would be a mighty good settlement; I had better take that now than to be guessing at it. . . . I replied to him I had no desire to talk matters further, that if he had sprung it on me in that way I had but one thing to do, to make good my security."

The witness further testified that in the afternoon when he came back he found a letter lying on his desk stating: " You are informed that your services as manager terminate August 31, 1901." There is some confusion about the time this letter was received. The plaintiff first puts it at three o'clock, and then at half past one. The preliminary part of the bill of exceptions states that Van Court met the plaintiff after the keeper was put in; that the plaintiff and Van Court had some words, and then Van Court gave the plaintiff the letter. It further appeared that Van Court was very angry when he found that a keeper had been put in the Boston office.

No question is made as to Van Court's authority to discharge the plaintiff, and the presiding judge may well have found that both the plaintiff and Van Court understood from the conversation in the morning that the plaintiff was discharged, and that the letter was but a subterfuge to render the action brought of

no effect.   It seems to us a fair inference to be drawn from the conversation and the action of the parties.   The plaintiff was informed in the morning that the defendant did not intend to carry out its contract; and it had placed itself in a position where it could not carry it out.   *Blair* v. *Laflin,* 127 Mass. 518. *Paige* v. *Barrett,* 151 Mass. 67.   *Drummond* v. *Crane,* 159 Mass. 577.   *Cutter* v. *Gillette,* 163 Mass. 95.   *Speirs* v. *Union Drop Forge Co.* 174 Mass. 175, and 180 Mass. 87, 92.

*Exceptions overruled.*

*W. F. Kimball,* for the defendant.

*H. D. Campbell & C. E. Lawrence,* for the plaintiff.