WEBB v. DEPEW.

1. APPEAL AND ERROR—JUDGMENTS APPEALABLE— CONSENT VER-
DICT.
   Where, on appeal from a judgment for plaintiff in justice's
   court, in an action for a breach of a contract of employment,
   the circuit judge, at the beginning of the trial, ruled that
   plaintiff could not make proof of damages later than the date
   of the trial in justice's court, to which plaintiff duly excepted,
   the claim that the verdict for plaintiff subsequently rendered
   for less than the amount of plaintiff's claim was a consent
   verdict and not appealable, is untenable.

2. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—BREACH —
ACTION—PLEADING.
   In an action by a servant for breach of the contract of em-
   ployment, plaintiff declared on the common counts and a
   special count setting up the contract and its breach. Ac-
   companying the common counts was a bill of particulars,
   one item of which claimed damages for the breach in the
   amount plaintiff would have earned if allowed to complete
   the contract. Defendant gave notice of justification for
   plaintiff's discharge. Held, that defendant's claim that the
   special count was not for breach of contract, but was to re-
   cover wages, is untenable, defendant not having been mis-
   led.

3. SAME—WRONGFUL DISCHARGE—DAMAGES.
   In an action by a servant for breach of the contract of em-
   ployment by wrongful discharge, plaintiff is not limited in
   his recovery to damages which have accrued at the time of
   the trial, but may recover in the one action all his damages
   for an entire non-fulfillment of the contract.

Error to Muskegon; Davis, J., presiding. Submitted
February 19, 1908. (Docket No. 97.) Decided May 26,
1908.

Assumpsit by Jennie Webb against Frances Depew for
breach of a contract of employment. There was judg-
ment for plaintiff, on a verdict directed by the court, for

less than the amount claimed, and she brings error. Reversed.

*Nims, Hoyt, Erwin & Vanderwerp,* for appellant.

*Cross, Lovelace & Ross (Ed. E. Kane,* of counsel), for appellee.

MOORE, J.  This suit was brought in justice's court on July 3, 1907.  The plaintiff filed a written declaration containing a special count alleging a contract, breach and damages, and the common counts, with bill of particulars attached.  The defendant pleaded the general issue and gave notice of justification for the discharge of plaintiff and a set-off.  The case was tried in justice's court before a jury, and on July 17, 1907, a judgment was rendered in favor of plaintiff for $190.  Defendant appealed the case to the circuit court and on September 25, 1907, it came on for trial before a jury.

Counsel for plaintiff in his opening statement said that plaintiff and her daughter, Anna, were employed by defendant as domestics at defendant's summer home near Muskegon, Michigan, for a period from about June 21, 1907, to such time as defendant should leave said summer home, but to at least October 1, 1907; that after plaintiff and her daughter had worked for defendant under this contract for about ten days, they were discharged by defendant without cause; that this suit was then instituted to recover the wages plaintiff and her daughter had already earned and damages for breach of the contract on the part of defendant.

After the opening statement had been made, and before any evidence had been introduced, the trial court made a ruling that plaintiff would be limited to recover such damages only as had accrued from the date of her discharge by defendant to the date of trial in justice's court, a period of 17 days.  To this ruling plaintiff's counsel excepted.

Plaintiff's counsel contended that, if the rule adopted

by the court was correct, plaintiff was still entitled to recover such damages as had accrued from the date of her discharge to the date when the case was tried in circuit court. The trial court held that the case must be determined as it existed in justice's court, and no damages could be recovered beyond that time, to which ruling plaintiff's counsel excepted.

The assignments of error are discussed by counsel under two heads:

*First.* The court erred in holding that plaintiff could not recover damages for the whole contract period, but that she was limited in her recovery to such damages as had accrued at the time of the trial in justice's court.

*Second.* The court erred in not allowing plaintiff to recover such damages as had accrued up to the time of the trial in circuit court.

Before proceeding to discuss the two heads presented by counsel for appellants, some attention must be given to the contention of counsel for defendant. It is claimed the verdict was a consent verdict and not appealable. We do not so understand the record. The plaintiff claimed the right to prove her damages in full, but the court ruled she could not make proof of damages later than the date of trial in justice's court. Exception was duly taken and the action of the court is reviewable.

It is claimed the special count is not for a breach of the contract, but is an action on the contract to recover plaintiff's wages. We do not agree with this contention. The special count set out the contract and its breach. A bill of particulars was filed, one item of which reads:

"To damage by breach of contract being what plaintiff and daughter would have earned if allowed to complete contract, $144."

Under her plea, defendant gave notice of justification for the discharge of plaintiff and her daughter. The defendant was not misled. See *Costello* v. *Ten Eyck*, 86 Mich. 348.

We now come to the important question and that is,

Was the trial court right in relation to the measure of damages? An examination of the authorities will show that there is a hopeless conflict in them. The precise question is a new one in this State. This court has held that, in case of a contract for life, or during one's ability and disposition to perform the duties of his position, prospective damages are recoverable in an action for its breach, and that the plaintiff is entitled to recover such a sum as represents fairly and reasonably the extent of his loss, the measure of damages being the present value of the contract. *Brighton* v. *Railway Co.*, 103 Mich. 420, 112 Mich. 217; *Stearns* v. *Railway Co.*, 112 Mich. 651.

In *Cutter* v. *Gillette*, 163 Mass. 95, it was said:

"The remaining question is whether the jury should have been allowed to assess damages for the period of time subsequent to the trial. The plaintiff was hired for five years from April 25, 1892, and was discharged about the middle of July, 1892. He brought suit on November 10, 1892, and the verdict was rendered on March 14, 1894. The verdict assessed at the sum of $3,180.95 the plaintiff's whole damages for breach of the contract for hiring, and stated that of the amount $1,392.95 was the damage to the time of trial. The defendant concedes that the plaintiff is entitled to recover damages for an entire breach, so far as such damages can be ascertained, but contends that, as the trial occurred before the expiration of the contract period, it was impossible for the jury to ascertain or assess the damage for the unexpired portion of the contract period subsequent to the time of trial. In support of this contention defendant cites the cases of *Colburn* v. *Woodworth*, 31 Barb. (N. Y.) 381, *Fowler* v. *Armour*, 24 Ala. 194, *Litchenstein* v. *Brooks*, 75 Tex. 196, and *Gordon* v. *Brewster*, 7 Wis. 355, in which cases it seems to have been held that, if the suit is begun before the expiration of the contract period, damages can only be allowed to the time of the trial. He asserts that in the case of *Howard* v. *Daly*, 61 N. Y. 362, in which full damages were given, the writ was brought after the expiration of the contract period. On the other hand it has been held in Vermont that, if there has been such a breach as to authorize the plaintiff to treat it as entirely putting an end to the contract, he may recover damages for an

entire non-fulfillment, and is not limited to what he has actually sustained at the time of his bringing suit or the time of trial. *Remelee* v. *Hall*, 31 Vt. 582. And in Maine, in an action for breach of a contract for hiring, brought before the expiration of the contract period, it was held that the just recompense for the actual injury sustained by the illegal discharge was the stipulated wages, less whatever sum the plaintiff actually earned, or might have earned by the use of reasonable diligence. *Sutherland* v. *Wyer*, 67 Me. 64.

"Such would seem to be the rule in Pennsylvania. See *King* v. *Steiren*, 44 Pa. 99; *Chamberlin* v. *Morgan*, 68 Pa. 168. And the defendant concedes that such is the rule in England. We do not go into an exhaustive consideration of the decisions upon the question, as we consider it to have been settled in favor of the ruling given at the trial by our decisions. *Dennis* v. *Maxwell*, 10 Allen (Mass.), 138; *Blair* v. *Laflin*, 127 Mass. 522; *Jewett* v. *Brooks*, 134 Mass. 505; *Paige* v. *Barrett*, 151 Mass. 67. See, also, *Warner* v. *Bacon*, 8 Gray (Mass.), 397, 408; *Amos* v. *Oakley*, 131 Mass. 413; *Parker* v. *Russell*, 133 Mass. 74; *Drummond* v. *Crane*, 159 Mass. 577, 581 (23 L. R. A. 707). The plaintiff's cause of action accrued when he was wrongfully discharged. His suit is not for wages, but for damages for the breach of his contract by the defendant. For this breach he can have but one action. In estimating his damages the jury have the right to consider the wages which he would have earned under the contract, the probability whether his life and that of the defendant would continue to the end of the contract period, whether the plaintiff's working ability would continue, and any other uncertainties growing out of the terms of the contract, as well as the likelihood that the plaintiff would be able to earn money in other work during the time. But it is not the law that damages, which may be larger or smaller because of such uncertainties, are not recoverable. The same kind of difficulty is encountered in the assessment of damages for personal injuries. All the elements which bear upon the matters involved in the prognostication are to be considered by the jury, and from the evidence in each case they are to form an opinion upon which all can agree, and to which, unless it is set aside by the court, the parties must submit. The liability to have the damages which he inflicts by breaking his contract so assessed is one which

the defendant must be taken to have understood when he wrongfully discharged the plaintiff, and if he did not wish to be subjected to it he should have kept his agreement."

To the same effect are the following cases: *Blair* v. *Laflin*, 127 Mass. 518; *Boland* v. *Glendale Quarry Co.*, 127 Mo. 520; *Rhoades* v. *Railway Co.*, 49 W. Va. 494 (55 L. R. A. 170); *Prichard* v. *Martin*, 27 Miss. 305; *Saxonia Mining & Reduction Co.* v. *Cook*, 7 Colo. 569; *Hamilton* v. *Love*, 152 Ind. 641; *Forked Deer Pants Co.* v. *Shipley*, 25 Ky. Law Rep. 2299; *Moore* v. *Foundry Co.*, 68 N. J. Law, 14; *Pierce* v. *Railroad Co.*, 173 U. S. 1; *Dugan* v. *Anderson*, 36 Md. 567; *Winkler* v. *Carriage Co.*, 99 Wis. 184; *Remelee* v. *Hall*, 31 Vt. 582; *Sutherland* v. *Wyer*, 67 Me. 64.

The rule of damages stated in these cases is in harmony with the rule approved in *Brighton* v. *Railway Co.*, 103 Mich. 420.

Judgment is reversed, and new trial ordered.

GRANT, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.