## HELFFERICH v. SHERMAN.

An employe suing, before the expiration of the period of his employment, for his wrongful discharge may recover damages for the unexpired term of employment, though the trial is had before that time.

(Opinion filed, February 29, 1912.)

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

Action by William Helfferich, a miner, by his guardian ad litem, J. W. Smith, against D. E. Sherman. From a judgment granting insufficient relief, plaintiff appeals. Reversed

Emil J. Woerth, for appellant.

CORSON, J. This is an appeal by the plaintiff from a judgment entered in his favor against the defendant and from the order denying a new trial. The action was instituted by the plaintiff to recover damages for an alleged breach of contract by the defendant, bearing date of September 1, 1910, and by the terms of which the plaintiff was employed for a period of one year, and from which employment he was wrongfully discharged by the defendant. The defendant by its answer admitted the discharge of the plaintiff and pleaded justification therefor. Under the instructions of the court, the jury returned a verdict for the plaintiff for the sum of $37.50.

The errors assigned are, in substance, that the court erred in instructing the jury that if they found for the plaintiff his damages would be $37.50, and no more; the court's instruction being in effect that the plaintiff was entitled to recover only for the 15 days subsequent to his discharge, and up to the time of the commencement of the action. It is contended by the appellant that the plaintiff was entitled to recover damages sustained by him during the entire balance of his term of one year under the contract. As before stated, the contract was in writing, under and by the terms of which the plaintiff was employed for a period of one year, and was to receive $60 per month during the months of December, January, and February, and $75 per month the remainder of the year, as automobile repairer.

The court instructed the jury, among other things, as follows: "If, however, the plaintiff was discharged without good cause, then he is entitled to recover damages, and damages simply from the time he was discharged, which was the 22d of November, up until the time this action was commenced, which was the 5th day of December—14 or 15 days, I think it is, in all. He cannot recover any prospective damages in the future. His action was commenced long before the contract was to have expired on September 1st. He elected to bring his action upon the 5th day of December. He can recover no damages after that time. His damages would be whatever would be due him for wages from the time he was discharged on the 21st of November until the 5th

day of December. That is all he would be entitled to. It couldn't exceed $37.50. That is, providing you find he was wrongfully discharged."

The court was also requested to give the following instruction by plaintiff's counsel, but refused to do so: "You are further instructed that, if you find the plaintiff has been wrongfully discharged, then you must find for the plaintiff and assess his damage, the measure of which will be furnished by the written contract; it will be the stipulated wages provided for by the written contract for its entire unexpired period, * * * less what plaintiff has earned thereunder, and less such amount as the plaintiff might reasonably be able to earn up to the date of its expiration."

The jury, by finding a verdict in favor of the plaintiff for $37.50, in effect found that he was wrongfully discharged from his employment; and hence the only question presented in this case is as to the court's instruction and his refusal to give the instruction requested. We are of the opinion that the court clearly erred in refusing to give plaintiff's requested instruction, and in the instruction given to the jury on its own motion. The decisions as to the measure of damages in this class of cases are hopelessly in conflict, and we shall not attempt in this decision to review the various decisions bearing upon this subject.

It is contended by the appellant: "That a wrongfully discharged employe may recover for any loss suffered by him during the entire unexpired term of employment, though he sues before the expiration of the time provided for in the contract, and trial is had before that time." After a careful review of many of the authorities cited by counsel, we are of the opinion that his contention is clearly correct.

In the recent case of Webb v. Depue, 152 Mich. 698, 116 N. W. 560, 16 L. R. A. (N. S.) 813, the Supreme Court of Michigan, in an analogous case, held, as appears by the second head-note, that: "The damages for breach of a contract of employment are not limited to the wages which have accrued at the time of trial in the nisi prius court." In that case, it appears from the

statement of facts that the action was commenced in the justice court, and judgment entered in favor of the plaintiff; that the defendant appealed the case to the circuit court, where it was tried by a jury. The trial court made a ruling limiting the plaintiff's right of recovery to the damages that had accrued up to the time of the trial in the justice court, a period of 17 days, to which ruling of the trial court the plaintiff excepted. In its opinion the court says: "We now come to the important question, and that is, Was the trial court right in relation to the measure of damages? * * * The precise question is a new one in this state." The court then proceeds to review the authorities, and reaches the conclusion that the trial court erred in its ruling, and that the plaintiff was entitled to damages to the extent of the amount that might have been earned for the entire period for which she and her daughter were employed.

In Cutter v. Gillette, 163 Mass. 95, 39 N. E. 1010, the learned Supreme Court of Massachusetts held, as appears from the headnote, that: "In an action for breach of contract of hiring, brought before the expiration of the contract period, the plaintiff is entitled to recover damages for the unexpired portion of such period subsequent ,to the time of trial." In its opinion the court discusses the question very fully, and, in view of the importance of the question, we take the liberty of quoting quite largely from the opinion of that learned court:

"The remaining question is whether the jury should have been allowed to assess damages for the period of time subsequent to the trial. The plaintiff was hired for five years from April 25, 1892, and was discharged about the middle of July, 1892. He brought suit on November 10, 1892, and the verdict was rendered on March 15, 1894. The verdict assessed at the sum of $3,180.95 the plaintiff's whole damages for breach of the contract of hiring, and stated that of this amount $1,392.95 was the damage to the time of trial. The defendant concedes that the plaintiff is entitled to recover damages for an entire breach, so far as such damages can be ascertained, but contends that, as the trial occurred before the expiration of the contract period, it was impossible for the

jury to ascertain or assess the damage for the unexpired portion of the contract period subsequent to the time of trial. In support of this contention, the defendant cites the cases of Colburn v. Woodworth, 31 Barb. [N. Y.] 381, Fowler v. Armour, 24 Ala. 194, Litchenstein v. Brooks, 75 Tex. 196 [12 S. W. 975], and Gordon v. Brewster, 7 Wis. 355, in which cases it seems to have been held that, if the suit is begun before the expiration of the contract period, damages can only be allowed to the time of the trial. He asserts that in the case of Howard v. Daly, 61 N. Y. 362, in which full damages were given, the writ was brought after the expiration of the contract period. On the other hand, it has been held in Vermont that, if there has been such a breach as to authorize the plaintiff to treat it as entirely putting an end to the contract, he may recover damages for an entire nonfulfillment, and is not limited to what he has actually sustained at the time of his bringing suit or the time of trial. Remelee v. Hall, 31 Vt. 582. And in Maine, in an action for breach of contract of hiring, brought before the expiration of the contract period, it was held that the just recompense for the actual injury sustained by the illegal discharge was the stipulated wages, less whatever sum the plaintiff actually earned, or might have earned, by the use of reasonable diligence. Sutherland v. Wyer, 67 Me. 64. Such would seem to be the rule in Pennsylvania. See King v. Steiren, 44 Pa. 99 [84 Am. Dec. 419]; Chamberlain v. Morgan, 68 Pa. 168. And the defendant concedes that such is the rule in England. We do not go into an exhaustive consideration of the decisions bearing upon the question, as we consider it to have been settled in favor of the ruling given at the trial by our decisions. Dennis v. Maxfield, 10 Allen [Mass.] 138; Blair v. Laflin, 127 Mass. 518, 522; Jewett v. Brooks, 134 Mass. 505; Paige v. Barrett, 151 Mass. 67 [23 N. E. 725]. See, also, Warner v. Bacon, 8 Gray [Mass.] 397, 408 [69 Am. Dec. 253]; Amos v. Oakley, 131 Mass. 413; Parker v. Russel, 133 Mass. 74; Drummond v. Crane, 159 Mass. 577, 581 [35 N. E. 90, 23 L. R. A. 707]. The plaintiff's cause of action accrued when he was wrongfully discharged. His suit is not for wages, but for damages for the breach of his contract by the defendant. For this breach he can

have but one action. In estimating his damages, the jury have the right to. consider the wages which he would have earned under the contract, the probability whether his life and that of the defendant would continue to the end of the contract period, whether the plaintiff's working ability would continue, and any other uncertainties growing out of the terms of the contract, as well as the likelihood that the plaintiff would be able to earn money in other work during the time. But it is not the law that damages which may be larger or smaller because of such uncertainties are not recoverable. The same kind of difficulty is encountered in the assessment of damages for personal injuries. All the elements which bear upon the matters involved in the prog- nostication are to be considered by the jury, and from the evi- dence in each case they are to form an opinion upon which all can agree, and to which, unless it is set aside by the court, the parties must submit. The liability to have the damages which he inflicts by breaking his contract so assessed is one which the defendant must be taken to have understood when he wrongfully discharged the plaintiff, and if he did not wish to be subjected to it he should have kept his agreement."

In the case of Pierce v. Tenn., etc., R. Co., 173 U. S. 1, 19 Sup. Ct. 335, the learned Supreme Court of the United States held, as appears by the third headnote, as follows: "Where the railroad company after a time abandoned the contract and dis- charged the employe without cause, the latter may maintain an action, once for all, as for a total breach of the entire contract, and may recover all he would have received in the future, as well as in the past, if the contract had been kept, deducting any sum he might have earned in the past or might earn in the future, and any loss the company had sustained by loss of his services without its fault." In its opinion the court says: "It appears to us to be equally clear that the Circuit Court of the United States erred in excluding the evidence offered by the plaintiff, in restricting his damages to the wages due and unpaid at the time of the trial, and in declining to instruct the jury as he requested." And the court, after further discussion of that branch of the case, concludes as

follows: "But the recent tendencies of judicial decisions in this country, in actions of contract, as well as in actions of tort, has been toward allowing entire damages to be recovered, once for all, in a single action, and thus avoiding the embarrassment and annoyance of repeated litigation."

As sustaining the view expressed in this opinion, we cite the following cases: Wilkie v. Harrison, 166 Pa. 202, 30 Atl. 1125; Winkler v. Racine Wagon Co., 99 Wis. 184, 74 N. W. 793; Rhoades v. C. & O. R. Co., 49 W. Va. 494, 39 S. E. 209, 55 L. R. A. 170; Moore v. Central Foundry Co., 68 N. J. Law, 14, 52 Atl. 292; Boland v. Glendale Quarry Co., 127 Mo. 520, 30 S. W. 151; Hamilton v. Love, 152 Ind. 641, 53 N. E. 181, 54 N. E. 437; Saxonia Min. Co. v. Cook, 7 Colo. 569; 4 Pac. 1111; Forked Deer Pants Co. v. Shipley, 80 S. W. 476, 25 Ky. Law Rep. 2299. The rule of damages as stated in these cases is in harmony with the decision of this court in the case of Crammer v. Kohn, 7 S. D. 247, 64 N. W. 125.

The judgment of the circuit court and order denying a new trial are reversed.