GALLINO *v.* BOLAND.

1. MASTER AND SERVANT—BREACH OF CONTRACT OF HIRING—ACTION
   —PREMATURE ACTION.
      In an action by a servant for the breach of a contract of
      hiring, *held,* that plaintiff had a right to treat the breach
      as a complete termination of the contract and to bring
      his action immediately to recover his entire damages for
      the breach.

2. PRINCIPAL AND AGENT—AGENCY QUESTION FOR JURY.
      In an action for the breach of a contract of hiring, where
      there was testimony supporting plaintiff's claim that he
      was hired by an agent of defendant, and that defendant
      had knowledge of the hiring, but the agency was denied
      by defendant, the court was justified in submitting the
      question of agency to the jury, under proper instructions.

3. APPEAL AND ERROR—ADMISSIONS OF AGENT.
    ⋅ Objection to the admission of statements of an agent tend-
      ing to establish his agency, *held,* without merit, where
      the principal himself testified to the same facts.

4. MASTER AND SERVANT—BREACH OF CONTRACT OF HIRING—DAM-
   AGES—DILIGENCE IN MINIMIZING DAMAGES.
      Where a servant, whose contract of hiring was breached
      by the master, secured another position but quit because
      of "disagreeable conditions," the question as to whether he
      used diligence in his efforts to minimize his damages,
      *held,* under the circumstances, a question of fact for the
      jury.

5. TRIAL—EVIDENCE—DIRECTED VERDICT.
      Where there was evidence tending to support plaintiff's
      theory of the case, the court properly refused to direct
      a verdict for defendant.

6. NEW TRIAL—GREAT WEIGHT OF EVIDENCE.
      Defendant's motion for a new trial was properly denied
      where the verdict was not against the great weight of the
      evidence, and the other reasons assigned therefor were
      without merit.

Error to Wayne; Barton (Joseph), J., presiding. Submitted November 17, 1922.    (Docket No. 44.) Decided December 29, 1922.

Assumpsit by Alexander P. Gallino against Joseph A. Boland and Arthur D. Cronin for breach of a contract of employment.    Judgment for plaintiff.    Defendant Cronin brings error.    Affirmed.

*Havelock J. Northmore* (*Frank W. Atkinson*, of counsel), for appellant.

*Miller, Canfield, Paddock & Perry* (*Albert G. Goetz*, of counsel), for appellee.

McDONALD, J.    This is an action for breach of contract of employment.    The defendants are sued individually and as partners.    It is the claim of the plaintiff that he was employed by the defendants on April 19, 1920, for the navigation season of 1920, as master of a sailing boat at a salary of $2,250 for the season; that, though he held himself in readiness to perform his part of the contract, the defendants did not provide him with a boat and did not pay him any of the wages agreed upon; that his engagement was under an oral agreement with defendant Boland, who was acting either as an agent of defendant Cronin or as a partner.    The defendant Cronin claims that if there was any such contract of employment as plaintiff claims, it was made with Mr. Boland individually; that he personally did no business with the plaintiff, and was not responsible for the acts of Boland, who was neither his agent nor his partner.    The suit was begun by summons, which was returned personally served.    Defendant Boland did not appear and an order of default was entered against him.    At the conclusion of plaintiff's testimony defendants moved for a directed verdict, which motion was renewed when

all of the testimony was concluded.    Judgment on
the motion was withheld by the court under the statute.
The verdict was for the plaintiff against defendant
Cronin in the sum of $2,213.52.    Motions for a new
trial and for a judgment *non obstante veredicto* were
denied, and a judgment entered on the verdict.    From
this judgment defendant Cronin has appealed.

In his brief, counsel for the defendant contends that
the judgment of the circuit court should be reversed
for the reasons:

"*First.* That the action was prematurely brought.
"*Second.* That he did not enter into a contract
directly or indirectly with the plaintiff.
"*Third.* That the plaintiff did not use diligence to
minimize his damages if any were sustained.
"*Fourth.* That certain errors were made by the
court in its charge and in its refusal to charge as re-
quested by counsel for the defendant, and that the
motion to direct a verdict for the defendant Cronin
should have been granted."

Was the suit prematurely brought?    Under this
heading counsel for the defendant discusses the propo-
sition as stated in the following excerpt from his brief:

"The court allowed the case to go to the jury upon
the theory that if plaintiff was entitled to recover, he
was entitled to recover the full amount agreed upon
between himself and the defendant Boland, to-wit, the
sum of $2,250, notwithstanding the fact that his action
was commenced on May 20, 1920, and before the season
of navigation of 1920 had been concluded.    It is our
contention that if the plaintiff was entitled to recover
at all, he could recover under the pleadings in this
case only such amount as he might have earned up to
the date of the commencement of this suit, to-wit,
the 20th day of May, 1920."

We are unable to agree with the contention of coun-
sel.    His argument is based upon the erroneous as-
sumption that the plaintiff's action is for wages due
under the contract and not for its breach.    Plaintiff's

claim was not for labor actually rendered, but for labor which he would have rendered if he had been allowed to perform under his contract. The declaration contains a special count and the common counts. The special count recites his employment at a stated compensation as master of a sailing boat for the navigation season of 1920, that he was ready and willing at all times to perform in accordance with the terms of his contract, but was prevented from doing so by the failure of defendants to provide the boat, and that they refused to pay his wages and expenses. The bill of particulars of his claim shows three items of damages, two of which could not be recovered in an action on the contract for wages. While the special count is not in the usual form, we think it is a sufficient declaration of the plaintiff's intention to seek a recovery of damages for a breach of the contract. It was the plaintiff's right to treat the breach as a complete termination of the contract, to bring his action immediately and to recover for the entire term of employment. *Webb* v. *Depew*, 152 Mich. 698 (16 L. R. A. [N. S.] 813, 125 Am. St. Rep. 431). The action was not prematurely brought. Though it was begun in May, 1920, it was not tried until December, 1921, about a year after the contract had expired, when all of the damages had accrued, and the diligence with which plaintiff sought other employment could be definitely determined.

The next proposition urged by counsel is that defendant Cronin "did not enter into a contract directly or indirectly with the plaintiff." In connection with this question complaint is made of the admission of testimony offered to show that Boland and Cronin were partners, or that Boland acted as the agent of Cronin in employing plaintiff. It is not claimed that the contract was made directly by Cronin, but there is competent evidence tending to show that Boland,

who made it, did so as Cronin's agent. No other inference can be reasonably drawn from the testimony. He acted for Cronin in purchasing the steamer which plaintiff was to sail. He was to manage it. He had no money and had no interest in Cronin's business. Cronin made all of the payments on the boat and furnished the money expended in repairs. He knew Boland had selected plaintiff to be the sailing master. He inquired of plaintiff if he had agreed with Boland on the salary, and on being informed that he had said, "Hope we have good luck and get along well together." Later when plaintiff asked him for payments on his salary he refused, saying that he was not going to put any more money in the boat. These facts justified the court in submitting the question of agency to the jury. He did so with proper instructions.

The claim that some of the testimony tending to show agency and partnership was incompetent and should not have been received is without merit. The witnesses Burke and Wescott were permitted to testify to statements made by Boland not in Cronin's presence, that he and Boland were directly connected in the purchase of the boat. Cronin testified to the same facts and to much more on the same subject.

It is next urged by counsel that plaintiff did not use diligence to minimize his damages. On this question the plaintiff testified as follows:

"I commenced this suit on the 18th of May, 1920. During the season 1920, I worked on the Alaska as mate. There weren't many berths that year. There were two men for every berth. Between April 19, 1920, and the time I started my suit, a man spoke to me about sailing a tug. I told him I couldn't because I was engaged. I went to work on the Alaska on the 8th of June, and worked on her 22 days for $5 per day. I earned $160 for that work. From the 18th of May up to the time I began on the Alaska, I went to several offices here and asked for positions. After I got off the Alaska I tried to get work. I had

Wescott looking for a place for me, and Mr. Burke down there, he also was looking for me and I went to the Steel Trust office and left word that I was looking for a berth. I even sent word to Buffalo to a fellow there, but I was not able to obtain any work after I got out of the Alaska, until the close of navigation that year."

This is rather a good showing as to diligence. But it is claimed that as plaintiff voluntarily quit his employment on the steamer "Alaska," he should have been charged with what he would have earned if he had remained until the close of navigation. The evidence shows that he quit the "Alaska" on account of "disagreeable conditions." The court instructed the jury to consider this in estimating the damages. It was a question for the jury and was properly submitted with a sufficient explanation of plaintiff's duty in the matter.

Error is assigned on the charge of the court, his refusal to give certain of defendants' requests, his denial of a motion to direct a verdict and of the motion for a new trial. In his charge, the court clearly and fairly presented the theories of the parties to the jury, and correctly instructed them as to the law applicable thereto. The issue was largely a question of fact. There was evidence tending to support the plaintiff's theory of the case and the court properly refused to direct a verdict for the defendants.

The verdict is not against the great weight of the evidence. The other reasons assigned by defendant in his motion for a new trial are without merit. The court rightfully denied it.

The judgment of the circuit court is affirmed, with costs to the plaintiff.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.