## Chamberlin *versus* Morgan.

1. In a suit by a servant who has been wrongfully dismissed before his term is out, the defendant may show in mitigation that he might have procured employment in the interim.

2. It is the duty of the servant in such case not to remain idle if he be able to work.

3. It is incumbent on an injured party to do whatever he reasonably can to lessen the injury.

4. In an action against a physician for malpractice to an injured arm, he offered to prove by a consulting physician that at an examination by him " in the presence of and at request of her father, he proposed to put plaintiff under the influence of an anæsthetic, and attempt to reduce it, and that the father replied in presence of plaintiff, ' that so long as she was improving so fast as she had done since he came home, he should not have it disturbed,' and that the injury could then have been reduced." *Held*, that the offer was properly rejected.

March 14th 1871.    Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.    WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Susquehanna county*: No. 220, to January Term 1871.

This was an action on the case brought, June 2d 1869, by Hattie Morgan, by her father and next friend James Morgan, against Dr. Abraham Chamberlin for malpractice by which her arm that had been dislocated had become stiffened.

The plaintiff was about sixteen years of age; the dislocation occurred on the 15th of September 1868.

The defendant was called in two days afterwards, and treated the case. There was much evidence given by the plaintiff of the manner in which her arm had been treated by the defendant. After some time her father took her to Drs. Halsey and Richardson, whom he consulted, and who attempted to reduce the dislocation. The plaintiff having closed, the defendant called Dr. Richardson, and proposed to prove by him that " at his first examination of the arm of plaintiff, in presence of and at request of her father, he proposed to put plaintiff under the influence of an anæsthetic, and attempt to reduce it, and that Morgan replied in presence of plaintiff, ' that so long as she was improving so fast as she had done since he came home, he should not have it disturbed,' and that the injury could then have been reduced."

[Chamberlin v. Morgan.]

The offer was objected to by the plaintiff, rejected by the court (Morrow, J.), and a bill of exceptions sealed.

The verdict was for the plaintiff for $300. The defendant took a writ of error, and assigned the rejection of the above offer for error.

*W. H. Jessup*, for plaintiff in error, cited King *v.* Steiren, 8 Wright 99; McCandless *v.* McWha, 10 Harris 267.

*R. B. Little*, for defendant in error, cited 2 Greenleaf on Evidence, § 268; Fowler *v.* Sergeant, 1 Grant 355.

The opinion of the court was delivered, March 23d 1871, by

SHARSWOOD, J.—It is certainly true that if a servant has been wrongfully dismissed before his term of service is out, and he sues to recover his entire wages during the period, the defendant can show in mitigation of damages that he might have procured employment in the interim: King *v.* Steiren, 8 Wright 69. It was the duty of the plaintiff in such case not to remain idle if he was able to work. Undoubtedly it is incumbent in every case upon an injured party to do whatever he reasonably can to lessen the injury. But is there any similarity between these cases and that presented upon this record? Is it the duty of a person who has been injured by the malpractice of a physician or surgeon to make any experiment which may be suggested to him, however plausible it may appear? A man who is not himself a physician and cannot be expected to know anything upon the subject, cannot be himself a judge of such matters. It was very reasonable for the father of Hattie Morgan to say when Dr. Richardson proposed to put her under the influence of an anæsthetic and attempt to reduce the limb, "that so long as she was improving so fast as she had done since he came home, he should not have it disturbed." Had Dr. Chamberlin proposed this experiment there might be some reason to hold that he should have the opportunity of redeeming his mistake, or even if he had called in Dr. Richardson to act on his behalf. Mr. Morgan merely requested Dr. Richardson to examine his daughter's arm and give his opinion about it. That did not oblige him to adopt his advice, or to incur the hazard and expense of another operation. He owed no such duty to Dr. Chamberlin. It was offered to prove that the injury could then have been reduced. But how was Mr. Morgan or Hattie to have known this? Had the experiment failed, it might well have been urged that as she was improving she ought to have been let alone, and that Dr. Chamberlin was relieved from all responsibility by the case having been taken out of his hands. We cannot see then that the evidence offered would, if received, have had any legi-

timate effect in mitigating the damages.    There was, therefore, no error in its rejection.

Judgment affirmed.