JOHN SUTHERLAND *vs.* ISAAC T. WYER, et al.

Cumberland. Decided April 9, 1877.

*Damages.*

The plaintiff contracted with the defendants to play first old man and character business for thirty-six weeks. At the close of the nineteenth week, the defendants discharged the plaintiff without fault on his part, who commenced an action for breach of the contract during the next week. *Held,* that the action was not premature; *held,* also, that the plaintiff was entitled to recover as damages for the remainder of the term at the stipulated rate, less what he actually earned or might have earned by the exercise of reasonable diligence, with interest; that having obtained another contract within the line of his profession within the time of his original contract with the defendants, the sum which he might have earned thereby to the time when his contract with the defendants expired, should be deducted from the contract price with the defendants.

ON EXCEPTIONS and MOTION from the superior court to set aside the verdict.

ASSUMPSIT to recover damages for breach of contract under which the plaintiff agreed to play for the defendants at the Portland museum, from September 6, 1875, thirty-six weeks at $35, per week. On December 27 following, the whole company of which the plaintiff was one were addressed by one of the defendants thus: "Ladies and gentlemen, I find it necessary to reduce your salaries one-third; any one not willing to accept these terms will get their full salary this week and be discharged." The following documents were in evidence. "Portland, December 29, 1875, Mr. J. Sutherland, Your salary, from this date, will be twenty-four dollars per week. Per order, I. T. Wyer, Wm. Weeks, Treasurer."

"Portland, December 31, 1875. I. T. Wyer, Esq., Dear Sir, Your note intimating your determination to reduce my salary from 27th instant, duly received. I most respectfully refuse to assent to any such proposition, and will expect my full salary every week in fulfillment of the terms of our contract. Respectfully yours, J. Sutherland."

"Portland, January 3, 1876. Mr. Sutherland, Your services will not be required at the Portland museum after January 8, 1876. I. T. Wyer."

The writ was dated January 11, 1876. It appeared that the plaintiff received his full salary to that date, and rendered the defendants no service after January 10. He afterwards went to New York, where he received $60, for services a part of which was for an engagement at Booth's which was for eight weeks, from April 10, at $25 per week, but which he left ten days after, to attend this trial. Other facts sufficiently appear in the opinion.

Judge Symonds upon the question of damages instructed the jury as follows :

" If, on the other hand, you find for the plaintiff upon both branches of the case, you will come to the question of damages, which in this case assumes a somewhat peculiar phase. The writ is dated January 11th. When the writ was brought, according to the contract nothing whatever was due to the plaintiff. The plaintiff had been paid in full up to January 8th. And this writ was brought on Tuesday, the 11th, before another week had elapsed. So, according to the terms of the contract, when this action was brought nothing whatever was due to the plaintiff.

" The general rule is—and it is almost an invariable rule, with the exception of some classes where prospective damages are allowed resulting from injury—that the damage to be allowed is the damage that had accrued when the writ was brought. The ordinary rule is that a man can only recover what was due him at the time when he sued. But I apprehend there is a rule which will guide as correctly in determining the damages here. The damage to be allowed is what had been sustained by the plaintiff at the time this writ was brought. Now what is that damage he had sustained then ? It is conceded that he had been discharged. He had lost then the prospect of earning his wages in accordance with the terms of the contract; that is to say, when he brought this writ he had been discharged, and of course if you come to this question of damages, the defendant had broken his contract.

" With the contract in full force the plaintiff had a certainty of $35 a week during the theatrical season. As we are discussing the question of damages we will assume the defendant had broken the contract. By breaking the contract the defendant had deprived the plaintiff of the right to earn by his services $35 per

week according to the terms of the contract during the theatrical season. So that the certainty of earning the money, in accordance with the terms of the contract, is one thing the plaintiff had lost; but it does not follow that he is entitled to recover that full sum during the theatrical season. A man has not the right to remain idle if other work offers and charge the whole amount to his employer. Notwithstanding the damage in such case done to the plaintiff, the law would still require him to exercise his best diligence to obtain new employment and so diminish the damage. So that the rule of damage in this case, as I understand it and as I give it to you for the purpose of this case, would be the amount accruing subsequently to the discharge in accordance with the terms of the contract itself less whatever, you are satisfied from the evidence in the case, the plaintiff might earn by the exercise of reasonable and proper diligence on his part. The jury must take the whole testimony together and from their best judgment of what the plaintiff might earn by the exercise of reasonable diligence on his part, and that, if you come to the question of damages, you must deduct from the amount due according to the contract."

The verdict was for the plaintiff for $570. The defendants moved to set aside the verdict and also alleged exceptions.

*J. Howard, N. Cleaves* and *H. B. Cleaves,* for the defendants.

The decisions have not been uniform in regard to the question of damages in this class of cases.

In some of the states, it has been held that it being actual loss and not prospective damages that are recoverable, the amount should be measured by the contract down to the time of trial, deducting what had been earned or might have been earned by active diligence on the part of the plaintiff. *Gordon* v. *Brewster,* 7 Wis. 355. *Fowler* v. *Armour,* 24 Ala. 194.

But whatever view is taken of the law, and if the instructions of the court are correct, the verdict should be set aside.

In the rules and regulations which form a part of the contract, "the manager reserves the right to discharge any person, who may have imposed on him by engaging for a position which in his judgment they are incompetent to fill properly."

Mr. Wyer, the defendant, testifies, "I discharged the plaintiff because I considered him incompetent to fill the position for which he engaged," and the testimony fully sustains the judgment of the defendant.

The testimony shows that the plaintiff had actually received sixty dollars between the date of the writ and the time of trial ; and that he had on the tenth of April entered into an engagement of eight weeks, at twenty-five dollars per week, which he voluntarily abandoned to attend this trial, which he forced on against our motion for continuance, as the docket entries show, while one of the defendants, and most important witness, was out of the country. It will be noticed that eighteen weeks remained of the thirty-six at the date of plaintiff's discharge, and the jury only deducted sixty dollars from the sum that would have been due if the contract had remained in full force, and plaintiff had continued in the service of defendants. Whether the jury deducted this as the amount he might earn under his engagement in New York, or whether it is the sixty dollars already earned, it is impossible to decide. They should have done both. The verdict is against the law and the evidence.

*C. Hale,* for the plaintiff.

The rule of damages given by the judge in his charge is correct. According to that rule the damages to be allowed are the damages which plaintiff had sustained when writ was brought; circumstances up to time of trial developed what the amount of those damages was.

Virgin, J. The plaintiff contracted with the defendants to "play first old man and character business, at the Portland museum, and to do all things requisite and necessary to any and all performances which" the defendants "shall designate, and to conform strictly to all the rules and regulations of said theatre," for thirty-six weeks, commencing on Sept. 6, 1875, at thirty-five dollars per week ; and the defendants agreed "to pay him thirty-five dollars for every week of public theatrical representations during said season." By one of the rules mentioned, the defendants "reserved the right to discharge any person who may have imposed on them

by engaging for a position which, in·their judgment, he is incompetent to fill properly."

The plaintiff entered upon his service under the contract, at the time mentioned therein, and continued to perform the theatrical characterizations assigned to him, without any suggestion of incompetency, and to receive the stipulated weekly salary, until the end of the eighteenth week; when he was discharged by the defendants, as they contended before the jury, for incompetency under the rule; but, as the plaintiff there contended, for the reason that he declined to accept twenty-four dollars per week during the remainder of his term of service.

Three days after his discharge and before the expiration of the nineteenth week, the plaintiff commenced this action to recover damages for the defendants' breach of the contract. The action was not premature. The contract was entire and indivisible. The performance of it had been commenced, and the plaintiff been discharged and thereby been prevented from the further execution of it; and the action was not brought until after the discharge and consequent breach. *Howard* v. *Daly*, 61 N. Y. 362, and cases. *Dugan* v. *Anderson*, 36 Md. 567, and cases. The doctrine of *Daniels* v. *Newton*, 114 Mass. 530, is not opposed to this. Neither do the defendants insist that the action was prematurely commenced; but they contend that the verdict should be set aside as being against the' weight of evidence.

The verdict was for the plaintiff. The jury must therefore, have found the real cause of his discharge to be his refusal to consent to the proposed reduction of his salary. The evidence upon this point was quite conflicting. Considering that all the company were notified, at the same time, that their respective salaries would be reduced one-third, without assigning any such cause as incompetency; that no suggestion of the plaintiff's incompetency was ever made to him, prior to his discharge; and that his written discharge was equally silent upon that subject, we fail to find sufficient reason for disturbing the verdict upon this ground of the motion, especially since the jury might well find as they did on this branch of the case, provided they believed the testimony in behalf of the plaintiff.

There are several classes of cases founded both in tort and in

contract, wherein the plaintiff is entitled to recover, not only the damages actually sustained when the action was commenced, or at the time of the trial, but also whatever the evidence proves he will be likely to suffer thereafter from the same cause. Among the torts coming within this rule, are personal injuries caused by the wrongful acts or negligence of others. The injury continuing beyond the time of trial, the future as well as the past is to be considered, since no other action can be maintained. So in cases of contract the performance of which is to extend through a period of time which has not elapsed when the breach is made and the action brought therefor and the trial had. *Remelu* v. *Hall*, 31 Vt. 582. Among these are actions on bonds or unsealed contracts stipulating for the support of persons during their natural life. *Sibley* v. *Rider*, 54 Maine, 463. *Philbrook* v. *Burgess*, 52 Maine, 271.

The contract in controversy falls within the same rule. Although, as practically construed by the parties, the salary was payable weekly, still, when the plaintiff was peremptorily discharged from all further service during the remainder of the season, such discharge conferred upon him the right to treat the contract as entirely at an end, and to bring his action to recover damages for the breach. In such action he is entitled to a just recompense for the actual injury sustained by the illegal discharge. *Prima facie*, such recompense would be the stipulated wages for the remaining eighteen weeks. This, however, would not necessarily be the sum which he would be entitled to; for in cases of contract as well as of tort, it is generally incumbent upon an injured party to do whatever he reasonably can, and to improve all reasonable and proper opportunities to lessen the injury. *Miller* v. *Mariners' Church* 7 Maine, 51, 56. *Jones* v. *Jones*, 4 Md. 609. 2 Greenl. Ev. § 261, and notes. *Chamberlin* v. *Morgan*, 68 Pa. St., 168. Sedg. on Dam. (6th Ed.) 416, 417, cases *supra*. The plaintiff could not be justified in lying idle after the breach; but he was bound to use ordinary diligence in securing employment elsewhere, during the remainder of the term; and whatever sum he actually earned or might have earned by the use of reasonable diligence, should be deducted from the amount of the unpaid stipulated wages. And

this balance with interest thereon should be the amount of the verdict. Applying the rule mentioned, the verdict will be found too large.

By the plaintiff's own testimony, he received only $60, from all sources after his discharge—$25 in February and $35 from the 10th to the 20th of April, at Booth's. His last engagement was for eight weeks, commencing April 10, which he abandoned on the 20th, thus voluntarily omitting an opportunity to earn $57, prior to the expiration of his engagement with the defendants, when the law required him to improve such an opportunity, if reasonable and proper. We think he should have continued the last engagement until May 6, instead of abandoning it and urging a trial in April, especially inasmuch as he could have obtained a trial in May, just as well. The instructions taken together were as favorable to the defendants as they were entitled to.

If, therefore, the plaintiff will remit $57, he may have judgment for the balance of the verdict; otherwise the entry must be verdict set aside and new trial granted.

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.