BABCOCK, Respondent, vs. APPLETON MANUFACTURING COMPANY, Appellant.

*March 31 — April 14, 1896.*

*Master and servant: Wrongful discharge: Damages: Subsequent earnings: Burden of proof.*

1. After having agreed to enter defendant's service as a traveling salesman, but before the term of his employment began, plaintiff obtained from a competitor of defendant an agreement to compensate him for such sales as he should make for said competitor, and took one order for the latter, but no sale was in fact made. *Held,* that this did not justify defendant in discharging plaintiff without the notice provided for in their agreement.

2. The burden of showing, in mitigation of the damages for wrongful discharge of an employee, what he earned or might have earned elsewhere after such discharge, is upon the employer.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action to recover a balance of $60, wages as a traveling agent, alleged to be due on contract. On the 15th day of December, 1891, a written contract was made between the parties, whereby it was agreed that plaintiff should work for defendant for a term of years, in the capacity of traveling salesman and collector, for a stipulated sum per month; that the term of employment should commence on the 1st day of January, 1892; and that either party should have the right to terminate the contract on giving sixty days' notice. Plaintiff commenced work under the contract as provided therein, and continued in defendant's employ till about February 22, 1892, when he was discharged, without notice, upon the ground that he had committed a breach of such contract by engaging in the sale of goods for a rival concern, to the prejudice of defendant. Plaintiff received his pay up to the time of such discharge, and thereafter brought suit to recover for sixty days' wages at the contract price. Defendant, by answer, as a defense, alleged breach of the contract, in that plaintiff had, during his term, engaged in the sale of machines for other concerns competing with defendant, as a justification for the discharge.

A jury was waived, and the case was tried by the court. A finding was filed to the effect that all the allegations of the complaint were true and those of the answer untrue. Exceptions were filed requisite to raise the questions here considered. Judgment was entered in favor of plaintiff, and defendant appealed therefrom.

*Humphrey Pierce,* for the appellant.

For the respondent the cause was submitted on the brief of *Henry D. Ryan.*

MARSHALL, J. Some exceptions were taken to the rejection and reception of evidence, not necessary to be reviewed,

as it clearly appears that defendant was not prejudiced thereby.

On the 17th day of December, 1891, after the written contract was made, plaintiff wrote to O. C. Vaughan, of Jefferson, Wisconsin, who was engaged in the sale of harrows in competition with defendant, to find out what he would allow plaintiff for such of the Vaughan harrows as plaintiff might sell in Wisconsin. To this letter, December 18, 1891, Vaughan replied by letter that he would allow plaintiff $1 per harrow on approved orders, payment to be made when the harrows were paid for. On the 17th day of December, 1891, plaintiff had some talk with one Arntz in regard to the latter buying some of the Vaughan harrows. Arntz said he would take two, and plaintiff so informed Vaughan, but no harrows were in fact sold to Arntz. All this occurred before the 1st day of January, when plaintiff's term of employment commenced. Looking at the evidence in the most favorable light for defendant, the facts as above stated were established, and they are all the facts shown by the evidence upon which defendant relied as a justification for discharging the plaintiff. The answer set forth that at divers other times, while in the employ of defendant, plaintiff secretly agreed with one Vaughan to sell harrows for him, and that he actually did sell such harrows and derived profit therefrom, and other acts are set forth in the answer as having been committed by plaintiff in breach of his contract; but there is an entire failure of evidence to sustain such charges, or to show that plaintiff engaged in any business, after the commencement of his term of employment, inconsistent therewith. The court was justified, therefore, in finding that the material allegations of the answer were not sustained by the evidence.

It is claimed on the part of appellant that the court erred in allowing plaintiff full wages for the sixty days; that the proper rule is the difference between the wages agreed upon

and the amount the employee earned, or might reasonably have earned, in other employment; and that it was incumbent on plaintiff to show how much less he was able to earn than he was to receive under the contract. The rule of damages is as claimed, but not the rule in respect to the burden of proof. In such a case, what the employeé earned or might have earned, defendant is only entitled to by way of mitigation of damages. It is a matter in recoupment, which it is incumbent upon defendant to set up and establish. *Kirk v. Hartman*, 63 Pa. St. 97; *Horn v. Western L. Asso.* 22 Minn. 233; *Howard v. Daly*, 61 N. Y. 363; *Sutherland v. Wyer*, 67 Me. 64; 14 Am. & Eng. Ency. of Law, 797. In *Barker v. Knickerbocker L. Ins. Co.* 24 Wis. 630, it is stated, in effect, that while the rule is, in case an employee is discharged without cause before the expiration of his term, in a suit by him against his employer for wages for the balance of such term, that the damages may · be reduced by the amount which he did earn, or might reasonably have earned, elsewhere, yet the burden is upon the defendant to show affirmatively what plaintiff did in fact earn elsewhere, or that he might have had employment and compensation therefor, and the probable amount of it, and, if he offers no evidence on the subject, then no question is presented in regard to mitigation of damages, under such rule, to be passed upon by either court or jury.

We perceive no reversible error in the record, and it follows that the judgment of the circuit court should be affirmed.

*By the Court.*—Judgment affirmed.