WILLIS E. CROSBY *vs.* FRANK H. PLUMMER et al.

Cumberland.   Opinion December 30, 1913.

*Breach of Duty   Contract.   Due Care.   Duty.   Exceptions.   Instructions.*
*Insurance.   Negligence.   Pleading.   Policies.   Renewal.   Trespass.*

An action of trespass on the case for alleged omission to perform or discharge a duty arising from contract.

*Held:*

1.   It is elemenary law that an action on the case may be brought for the recovery of damages for the omission or neglect of a duty or obligation arising from contract as well as of one imposed by statute.

2.   The plaintiff must prove negligence, but in all cases when a wrong, a fault or an omission of a duty even is proved, from which damages result, the wrong, fault or omission implies a neglect, in the absence of other evidence, which requires explanation from the apparently guilty party.

3.   The contract with its incidents either express or attached by law, becomes the only measure of the duties between the parties.

4.   That the defense of the contributory negligence of the plaintiff must be based upon the plaintiff's obligation, or duty, under the contract, or its incidents, and must be shown to be a proximate cause of the breach by the defendant.

5.   Failure on the part of the plaintiff, after a breach to use due care to prevent or diminish consequences which are avoidable in whole or in part, is a matter of defense distinct from contributory negligence.

6.   The latter goes to the right of recovery, the former affects the amount of damages, and the burden of proof is upon the party alleging it.

On exceptions by the defendant.   Exceptions overruled.

This is an action of trespass on the case to recover damages for failure of defendant to perform an alleged undertaking to obtain the renewal of a policy of insurance upon its expiration, which would occur at a future date.   Plea, general issue.

At the close of the charge of the presiding Justice, to the jury, the defendant requested the presiding Justice to give to the jury certain instructions, which he refused to do, and the defendant excepted thereto.

The case is stated in the opinion.

*Walker & Pike, and Arthur Chapman,* for plaintiff.

*Frank H. Haskell,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, PHILBROOK, JJ.

BIRD, J. This is an action of trespass on the case for alleged omission to perform or discharge a duty arising from contract. The plea was not guilty. There was evidence tending to prove that plaintiff, meeting on or about September 5, 1911, one of the defendants, who were copartners as insurance agents, at a place other than the office of defendants, placed before him three policies of insurance upon property of plaintiff; that one of the policies had already expired and of the others, one expired October 21, 1911, and the other November 26, 1911; that plaintiff requested the defendants to procure new insurance at once in place of the policy already expired and to replace the other two policies when they respectively should expire; and that this was assented to and the policies taken by the member of the firm in question.

On part of defendants it was claimed and there was evidence tending to prove that but two policies, that already expired and that expiring in October, 1911, were delivered by plaintiff.

It is not questioned that defendants caused insurance to be written at once in replacement of the expired policy and, immediately on its expiry, of the policy which terminated October 21, 1911; and that both these renewed policies were seasonably forwarded to plaintiff. But no insurance was effected by defendants upon the policy which expired November 26, 1911, of which fact plaintiff had no actual notice nor knowledge prior to the destruction by fire of the property covered by the policy last named, which occurred on the twelfth day of January, 1912.

The verdict was for plaintiff and the case comes before this court upon the exceptions of defendants to the refusal of requested instructions.

It is elementary law that an action on the case may be brought for the recovery of damages for the omission or neglect of a duty or obligation arising from contract as well as of one imposed by statute. *Milford* v. *B. R. & E. Co.,* 104 Maine, 233, 249-251; *San-*

*ford* v. *Haskell,* 50 Maine, 86, see also *Hinks* v. *Hinks,* 46 Maine, 423. So declaring, the plaintiff must prove negligence, *Milford* v. *B. R. & E. Co.,* supra; but in all cases where a wrong, a fault or an omission of a duty even is proved from which damages result, the wrong, fault or omission implies a neglect, in the absence of other evidence, which requires explanation from the apparently guilty party. *Guthrie* v. *M. C. R. R. Co.,* 81 Maine, 572, 582-3. In other words, it is often alone in the power of defendant to produce evidence to excuse or explain.

The negligence counted upon must be such as grows out of the contract or its incidents. As has been well stated "the contract with its incidents either express or attached by law, becomes the only measure of the duties between the parties. There might be a choice, therefore, between the forms of pleading, but the plaintiff could not by any device of form get more than was contained in the defendant's obligation under the contract." And we must hold that the defence of the contributory negligence of the plaintiff must be based upon the plaintiff's obligation or duty under the contract or its incidents and must be shown to be a proximate cause of the breach by defendant. It must, therefore, antedate or be concurrent with the latter. Failure on the part of the plaintiff, after a breach, to use due care to prevent or diminish consequences which are avoidable in whole or in part is a matter of defense distinct from contributory negligence. The latter goes to the right of recovery, the former affects the amount of damages and the burden of proof is upon the party alleging it. *Hamilton* v. *McPherson,* 28 N. Y., 72, 77; *Leonard* v. *N. Y. etc. Co.,* 41 N. Y., 544, 565; *Hopkins* v. *Sanford,* 41 Mich., 243; *Murrell* v. *Whiting,* 32 Ala., 54, 67.

The liability of defendant for such breach or omission of duty being shown, the plaintiff is entitled at least to nominal damages. *Merrill* v. *West Un. Tel. Co.,* 78 Maine, 97; *Webb* v. *Gross,* 79 Maine, 224; *Hagan* v. *Riley,* 13 Gray, 515, 516; *Laflin* v. *Willard,* 16 Pick., 64, 67; *Marzetti* v. *Williams,* 1 B. & Ad., 415.

The first requested instruction is as follows: "Under the allegations in the plaintiff's writ before he can recover it is necessary for him to prove affirmatively that no lack of ordinary care on his part contributed to produce his injury." The instruction requested has a double aspect. If it be regarded as a request to instruct that plain-

tiff must be found not guilty of negligence prior to the failure of defendants to renew the policy on the twenty-sixth day of November when the breach occurred and as of which date the liability of defendants, if liable, must be fixed, the defendants were not aggrieved by the refusal, the jury having found delivery of the three policies, as the uncontradicted evidence clearly shows him without fault. If the requested instruction he held to be a request to instruct that the burden of proof was upon plaintiff to show no lack of care on his part to avoid in whole or in part the consequences of defendants' neglect it was rightly refused.

The four following requested instructions, in varying form, are to the effect that plaintiff could not recover unless he proved that he exercised due care, after defendants' breach, to avoid the consequences of the breach, by calling attention of defendants to the fact that the renewal of the policy had not been made. These requested instructions were properly refused since, without such proof on plaintiff's part, he would still be entitled to recover nominal damages and because the burden of showing want of due care on the part of plaintiff to avoid the consequences of their breach falls upon defendants. *York* v. *Athens,* 99 Maine, 88, 99.

The remaining requested instruction is "If the jury find that the plaintiff did give to one of the defendants the policy in controversy, the defendants were under obligation to exercise only reasonable care in regard to said policy, and if you find the defendants did exercise such reasonable care in regard to the same after it came into their hands or the hands of either of them they would not be liable." The defense was a denial of the receipt by defendants of the policy expiring November 26, 1913. The jury found it was delivered. There was no evidence, consequently, of care on the part of defendants regarding this policy or any explanation of their failure to renew it after its receipt. *Guthrie* v. *M. C. R. R. Co.,* ubi supra. The defendants were not aggrieved by the refusal to instruct as requested.

*Exceptions overruled.*