**SCALP LEVEL COAL MIN. CO. et al. v. NEW ENGLAND COAL & COKE CO.**

**No. 4349.**

Circuit Court of Appeals, Third Circuit.

Oct. 11, 1930.

Rehearing Denied June 4, 1931.

John M. Freeman, H. F. Stambaugh, Albert C. Hirsch, Ralph H. Demmler, and Watson & Freeman, all of Pittsburgh, Pa., for appellants.

Edwin W. Smith, of Pittsburgh, Pa., George E. Shaw and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and AVIS, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court for $111,965.10 entered on the verdict of a jury for damages for the breach of a contract.

On March 20, 1914, a written contract was entered into between the Scalp Level Coal Mining Company, hereinafter called the Scalp Company, of the first part, and John Lochrie, of the second part, and the New England Coal & Coke Company, hereinafter called the New England Company, of the third part. The New England Company agreed to loan the Scalp Company $100,000 for the purchase and development of coal lands. In consideration of this loan, Lochrie and the Scalp Company entered into an agreement with the New England Company, whereby the Scalp Company appointed the New England Company its exclusive sales agent of the entire output of its mines for a period of five years beginning April 1, 1914, and if at the expiration of that time the New England Company had performed all its obligations to the Scalp Company as set forth in the agreement, the New England Company was to have the option of extending the contract for the sale of the entire output of the Scalp Company for a second period of five years beginning April 1, 1919.

The Scalp Company, however, did not give to the New England Company all of its coal for sale during the five years in question. It mined 1,542,371 tons of coal during that time, and of this amount the Scalp Company gave 332,187 tons to others than the New England Company to sell. The New England Company brought this suit to recover the profit which it would have made on the 332,187 tons which it says it could and would have sold at a profit had the Scalp Company kept its agreement with it.

The case was first brought on the equity side of the court and by it referred to a master, but when the case was subsequently brought before the court, on exceptions to the master's report, the three District Judges sitting in banc held that the case should have been brought on the law side of the court and so it transferred the case to that side. The case was tried to the court and jury and a verdict was rendered in favor of the plaintiff for $111,965.10, and from that judgment an appeal has been taken to this court.

The sixty-eight errors alleged by the defendant have been compressed into several propositions. We have considered these and

have resolved all of them against the defendants except those relating to the mitigation of damages.

The defendants contend that the plaintiff was required to use reasonable efforts to mitigate the damages. But the learned trial judge held that this was not a case for the application of the rule for the mitigation of damages because the contract was not for the purchase of the coal by the plaintiff, but was a sales-agency contract which did not restrict the plaintiff to the sale of the coal mined by the Scalp Company; that it could, inferentially at least, have purchased other coal on the open market and thus supplied all the orders which it could have secured.

The rule of law is that where a party is entitled to the benefit of a contract and can with reasonable exertions save himself from loss arising from its breach, it is his duty to do so and he is entitled to only such damages as he could not with reasonable efforts and expense have prevented. Wicker v. Hoppock, 73 U. S. (6 Wall.) 94, 18 L. Ed. 752; Warren v. Stoddart, 105 U. S. 224, 229, 26 L. Ed. 1117; United States v. United States Fidelity & Guaranty Co., 236 U. S. 512, 526, 35 S. Ct. 298, 59 L. Ed. 696; Chesapeake & Ohio Railway Co. v. Kelly, 241 U. S. 485, 489, 36 S. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367; Chamberlin v. Morgan, 68 Pa. 168; Morris v. Supplee, 208 Pa. 253, 57 A. 566; Sharpsville Furnace Co. v. Snyder, 223 Pa. 372, 72 A. 786; French v. Pullman Motor Car Co., 242 Pa. 136, 88 A. 876; Jessup & Moore Paper Co. v. Bryant Paper Co., 297 Pa. 483, 147 A. 519. Was there anything in this case to take it out of the general rule? We see nothing in the nature of this contract which makes the general rule inapplicable. The plaintiff was under the duty to use all reasonable efforts to mitigate the damages arising from the breach of the contract, and what those damages were, and whether or not with reasonable efforts they could have been mitigated wholly or in part, were questions for the determination of the jury. The plaintiff recognized that this rule of law is applicable to this case. It purchased during the period covered by the contract large quantities of Pennsylvania low volatile coal on which it made a considerable profit, and this in its supplemental statement of claim it applied in mitigation of damages.

Defendants offered to submit evidence "for the purpose of showing that the plaintiff sustained no loss by reason of the alleged breach of the contract," but the learned

trial judge refused to admit it on the ground that "this was not a case for the application of the rule of mitigation" of damages. In this, we think, he fell into error.

The judgment is reversed, and a new trial granted.